IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ASHLEY BOND,**

   **Plaintiff,**

**v.**       //  **CIVIL ACTION NO. 1:16CV43**
              **(Judge Keeley)**

**ZALE DELAWARE, INC.,**
**d/b/a ZALES JEWELERS,**
   **Defendant.**

## MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S MOTION TO REMAND [DKT. NO. 12] AND REMANDING THE CASE

On February 9, 2016, the plaintiff, Ashley Bond ("Bond"), on her own behalf and that of a class of similarly situated individuals, sued Zale Delaware, Inc., d/b/a Zales Jewelers ("Zales"), in the Circuit Court of Harrison County, West Virginia, alleging a violation of the West Virginia Wage Payment and Collection Act ("WCPA"), W. Va. Code § 21-5-1 (Dkt. No. 1 at 2). Zales removed the case to this Court on March 18, 2016 (Dkt. No. 1).

On April 18, 2016, Bond filed a motion to remand, arguing that Zales had ignored the binding stipulation in her complaint barring her from recovering damages in excess of $75,000 (Dkt. No. 13). She also contended that Zales failed to provide any evidence that the jurisdictional minimum had been satisfied. For the reasons that follow, the Court **GRANTS** Bond's motion and **REMANDS** the case to the Circuit Court of Harrison County.

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION TO REMAND [DKT. NO. 12] AND REMANDING THE CASE**

**BACKGROUND**

Bond worked for Zales as a manager and consultant until her employment was "involuntarily terminated" on December 7, 2013 (Dkt. No. 1-3 at 2). Under the version of the WPCA in effect at that time, Zales was obligated to pay all discharged employees wages owed in full by the next regular payday or four business days, whichever came first.[1]  Id. at 1-2. Zales paid Bond all of her wages on December 26, 2013, which was outside the time period mandated by the WPCA. Id. at 2.

On February 9, 2016, Bond filed her complaint in state court as a putative class action (Dkt. No. 1-3). Zales removed the case to this Court on March 18, 2016, invoking diversity jurisdiction (Dkt. No. 1). Bond, a West Virginia citizen, is fully diverse from Zales, a Delaware corporation with its principal place of business in Texas. Id. at 3.  Zales contends that the Court should disregard Bond's stipulation in the complaint that she does not seek more than $75,000 because "she seeks liquidated damages including attorneys fees, which have a value of more than $75,000." Id. at 4.

---

[1] Under the current version of the statute, employers must pay wages due "on or before the next regular payday on which the wages would otherwise be due and payable."  W. Va. Code § 21-5-4 (2015).

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION TO REMAND [DKT. NO. 12] AND REMANDING THE CASE**

With her complaint, Bond filed a motion for class certification (Dkt. No. 5), which she later sought to withdraw (Dkt. No. 8). The Court granted Bond's motion and allowed her to withdraw the motion for class certification on April 11, 2016 (Dkt. No. 11).

Bond then moved to remand on April 18, 2016, contending that (1) her binding stipulation bars her from recovering in excess of $75,000; (2) Zales failed to provide any evidence that she has met the $75,000 jurisdictional requirement in her individual capacity; (3) Zales solely relies on WPCA class action final approval orders in other cases that have no bearing on the damages in this case; (4) only a <u>pro rata</u> portion of attorneys' fees could be attributed to her; and (5) attorneys' fees in the early stages of class action litigation are too speculative to consider for jurisdictional purposes (Dkt. No. 13 at 1).

In opposing Bond's motion, Zales contended that (1) attorneys' fees for the entire class can be attributed to the class representative; (2) Bond's stipulation is not binding; and (3) Bond cannot bind the entire class and potential class counsel with her stipulation (Dkt. No. 14 at 2-3). On May 12, 2016, Bond filed a reply that reiterated the failure of Zales to provide any actual

evidence that the amount in controversy exceeds $75,000 (Dkt. No. 17).

## APPLICABLE LAW

The district court has original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To be a "citizen" of a state, a natural person must be both a citizen of the United States and be domiciled within the state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). A person is domiciled in a state where he is physically present and intends to remain. Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).

The Court determines a corporation's citizenship based on the location of its principal place of business and its state of incorporation. 28 U.S.C. § 1332(c)(1); see Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). Ordinarily, the Court determines whether the amount in controversy exceeds $75,000 based on the allegations and relief sought on the face of the plaintiff's well-pleaded complaint. See JTH Tax, Inc. v. Frashier, 624 F.3d 635, 648 (4th Cir. 2010)(citing Wiggins v. North Am. Equitable Life Assurance Co., 644 F.2d 1014, 1016 (4th Cir. 1981)).

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S
MOTION TO REMAND [DKT. NO. 12] AND REMANDING THE CASE**

When a complaint does not contain a specific amount in controversy, the defendant filing a notice of removal bears the burden of proving by a preponderance of the evidence that the claim meets the requisite jurisdictional amount. Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013). "[T]he Court may consider the entire record" to determine whether that burden has been met. Elliott v. Tractor Supply Co., No. 5:14CV88, 2014 WL 4187691, at *2 (S.D.W. Va. Aug. 21, 2014)(citing Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D.W. Va. 1994)). If the defendant proves by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that the parties are diverse, then removal is deemed proper. Dart Cherokee, 135 S.Ct. at 553. Removal statutes are strictly construed against the party seeking removal, and the burden of establishing jurisdiction rests on the removing party. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

**ANALYSIS**

**I.   Stipulation**

In her motion to remand, Bond argues that the formal stipulation attached to her complaint limits her recovery to an amount below the jurisdictional minimum (Dkt. No. 13 at 4). Zales contends that Bond's stipulation is not binding because it is

vague, and she failed to include a "sum-certain prayer for relief," as required in this District (Dkt. No. 14 at 4-5).

Courts generally treat the amount requested by the plaintiff in state court as the amount in controversy. See Hicks v. Herbert, 122 F. Supp. 2d 699, 701 (S.D.W. Va. 2000) (internal citations omitted). In states such as West Virginia, however, where recovery is not limited to the amount demanded, the general rule is not "fully satisfactory." Id. Therefore, a formal stipulation filed with a complaint can effectively limit the amount in controversy for jurisdictional purposes. McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481, 485 (S.D.W. Va. 2001). Such a stipulation, however, must be (1) pre-removal, (2) signed by both counsel and client, (3) explicit in limiting recovery, and (4) filed contemporaneously with the complaint. As a fifth requirement, the complaint also "should contain the sum-certain prayer for relief." Id.

Bond's stipulation, filed at the same time as the complaint, states as follows:

> 23. With respect to Plaintiff's individual claims, Plaintiff and her counsel do not seek to recover in excess of $75,000, including an award of attorney's fees, exclusive of costs and interest.
> 24. With respect to Plaintiff's individual claims, to the extent any remedy is awarded in excess of $75,000, inclusive of attorney's fees, exclusive of costs and interest, Plaintiff and her counsel stipulate that they are not entitled to recover the excess amount.

>    25.  This stipulation applies regardless of the form of the remedy awarded.
>    26.  Plaintiff agrees to be bound by this stipulation throughout the pendency of this action.

Dkt. No. 1-1 at 9. Both Bond and her attorney signed the stipulation, which was indisputably filed pre-removal. Id. at 12, 13.

Bond's stipulation appears to meet at least three of the five requirements under McCoy. It was signed by both the client and attorney and filed pre-removal, contemporaneously with the complaint. Although Zales advances a colorable argument that Bond's stipulation is ambiguous because she does not limit recovery for the class claim,[2] the Court need not address that argument because it finds the stipulation insufficient for another reason; the complaint fails to include a sum certain prayer for relief (Dkt. No. 1-1 at 8, 9). See Nickerson v. Navy Fed. Credit Union, No. 3:15CV75, 2016 WL 55320, at *3 (N.D.W. Va. Jan. 4, 2016)(Groh, J.) (finding the stipulation insufficient to preclude removal because it did not contain the sum-certain prayer for relief required by federal courts in West Virginia). The Court

---

   [2] Supreme Court precedent supports this argument. See Standard Fire Ins. Co. v. Knowles, 133 S.Ct. 1345, 1348-49 (2013) (finding that a pre-certification stipulation limiting recovery does not preclude jurisdiction under the Class Action Fairness Act when the court would otherwise have jurisdiction because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified.").

accordingly finds that the stipulation, standing on its own, is insufficient to preclude removal, and therefore must attempt to discern the amount in controversy.

## II. Amount in Controversy

Bond's complaint seeks damages on her own behalf as well as a class of similarly situated individuals based on Zales' failure to pay her wages within the WPCA's time period (Dkt. No. 1-1 at 8). Under the version of the WPCA in effect at the time of Bond's discharge, an employer who violates the WPCA must pay an employee "three times [the] unpaid amount as liquidated damages." W. Va. Code § 21-5-4(e) (2013). The WPCA also provides for costs and attorneys' fees. W. Va. Code § 21-5-12(b). Bond's complaint does not include claims for either punitive damages or injunctive relief. See Dkt. No. 1-1.

When several plaintiffs, including class action plaintiffs, assert separate and distinct demands in a single lawsuit, the amount involved in each separate controversy must meet the jurisdictional minimum. See Virden v. Altria Grp., 304 F. Supp. 2d 832, 847 (N.D.W. Va. 2004) (quoting Clark v. Paul Gray, Inc., 306 U.S. 583, 589 (1939) (internal quotation marks omitted)). In other words, class plaintiffs' claims "cannot be aggregated for purposes

of meeting the minimum jurisdictional amount."[3]  Id. (citing Zahn v. Int'l Paper Co., 414 U.S. 291, 296 (1973)).

In the Fourth Circuit, however, courts use the supplemental jurisdiction statute to assume jurisdiction "over the claims of all plaintiffs if the defendant can establish that the court has jurisdiction over the claims of any named plaintiff." Id. (citing Rosmer v. Pfizer, Inc., 263 F.3d 110, 114 (4th Cir. 2001)).  The Court therefore must determine whether Bond's claims meet the jurisdictional requirement.  If so, that would trigger the Court's supplemental jurisdiction over the remainder of the putative class. Zales contends that awards of attorneys' fees in WPCA cases often exceed $75,000.  It also asserts that the Court must attribute all such fees to Bond, the class representative.

In support of its contention that attorneys' fee awards in WPCA cases often exceed $75,000, Zales attached several orders to its brief (Dkt. Nos. 1-4, 14-1).  Bond objects that approval orders in other WPCA class actions have no bearing on the amount in

---

[3] This general principle is subject to the so-called "common fund" exception.  See Virden, 304 F. Supp. 2d at 847 (quoting Glover v. Johns-Manville Corp., 662 F.2d 225, 231 (4th Cir. 1981) (internal quotation marks omitted)).  Under the common fund exception, aggregation of plaintiffs' claims is permitted where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest." Id. (internal quotation marks and citations omitted).  Zales does not contend that the common fund exception applies in this case, and the Court finds it inapplicable.

controversy in this case (Dkt. No. 17 at 4). The Court agrees. Zales has identified no similarities between those class actions and this case save that the claims all arise under the same statute. Indeed, Bond has attached several class action approval orders with attorneys' fees in WPCA cases totaling less than $75,000. That variance alone supports this Court's conclusion that these orders, standing alone, are unreliable when determining subject matter jurisdiction (Dkt. No. 13-1; Dkt. No. 17-1).

Zales' second argument hinges on whether the Court must attribute attorneys' fees for the entire class to Bond, the class representative (Dkt. No. 14 at 3). According to Zales, Aikens v. Microsoft Corp., 159 F. App'x 471, 474-75 (4th Cir. 2005), compels the conclusion that the Court must award such fees to the class representative. Bond, however, contends that, in Aikens, the Fourth Circuit applied a state statute unique to Louisiana, and that the general rule in federal courts is to attribute attorneys' fees on a pro rata basis when determining the amount in controversy (Dkt. No. 17 at 8).

In Aikens, the Fourth Circuit rejected a jurisdictional challenge to the amount in controversy, explaining that the amount in controversy was satisfied "based on the provisions in Louisiana law governing the allocation of attorney's fees in class actions."

159 F. App'x at 474-75. Under La. Code Civ. Proc. art. 595(A), attorneys' fees "would be awarded entirely to the class representatives." Id. at 475. The Fourth Circuit therefore found the amount in controversy satisfied based on the fee award to the class representative, and exercised supplemental jurisdiction over the remaining class members. Id.

The argument advanced by Zales is unpersuasive. The outcome in Aikens was a consequence of Louisiana's unique Rules of Civil Procedure, and is contrary to the general rule that courts determining subject matter jurisdiction "must attribute unliquidated damages sought by the plaintiff (viz. attorneys' fees, punitive damages) pro rata to each member of the putative class." Carrick v. Sears, Roebuck and Co., 252 F. Supp. 2d 116, 121 (M.D. Pa. 2003) (collecting cases) (declined to follow on other grounds in Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (2004)). The general rule in the Fourth Circuit — unless modified by a state statute or rule – is that courts should apportion attorneys' fees pro rata to all class members. See, e.g., Phillips v. Whirlpool Corp., 351 F. Supp. 2d 458, 463 (D.S.C. 2005).

Zales has failed to direct the Court to any West Virginia statute or rule requiring apportionment of attorneys' fees for the entire class to the class representative. W. Va. R. Civ. P. 23,

which mirrors the federal rule in some respects, does not mandate that courts award attorneys' fees, whether <u>pro rata</u> or entirely to the class representative. The Court therefore rejects Zales' argument and concludes that it must apportion attorneys' fees <u>pro rata</u> for the purposes of determining jurisdiction.

In short, while the Court may consider attorneys' fees when calculating the amount in controversy because the WPCA provides for recovery of those fees, it cannot engage in "pure speculation." <u>Caufield v. EMC Mortg. Corp.</u>, 803 F. Supp. 2d 519, 529 (S.D.W. Va. 2011). Fundamentally, it cannot assume jurisdiction based solely on hypothetical class counsel fees when Zales has failed to provide any evidence of damages. As to Bond, the putative class representative, Zales has failed to provide her final paycheck or any evidence of the actual amount in controversy. <u>See</u> <u>id.</u> at 527-28 ("In order to demonstrate a basis for federal jurisdiction, the party seeking removal must present facts rather than speculation.").

Zales attempts to minimize this deficiency by pointing to the large (potential) amount of attorneys' fees, without providing evidence of the number of putative class members or the aggregate amount of the statutory violations. Without some evidence of the statutory violation, the Court cannot speculate as to attorneys'

12

fees for the potential class. "You cannot multiply an unknown by an unknown." Id. at 528. For all of these reasons, therefore, the Court concludes that Zales has failed to meet its burden of establishing the jurisdictional minimum by a preponderance of the evidence, thereby necessitating remand. Francis, 709 F.3d at 367.

**III. Costs**

Having determined that Zales has failed to meet its burden of establishing jurisdiction, the Court next addresses Bond's argument that she be awarded costs for improper removal (Dkt. No. 13 at 9). Bond contends that Zales had no objectively reasonable basis for removing this case because it ignored her binding stipulation and controlling case law. Id. Unsurprisingly, Zales opposes Bond's request, arguing that it had an objectively reasonable basis for removal because it followed applicable, controlling law (Dkt. No. 14 at 10).

A party opposing removal may be awarded actual expenses and attorneys' fees incurred as a result of improper removal. See 28 U.S.C. § 1447(c); ITT Indus. Credit Co. v. Durango Crushers, Inc., 832 F.2d 307, 308 (4th Cir. 1987). Courts have limited authority, however, to award fees for improper removal. See ITT Indus., 832 F.3d at 308. Costs are awarded only where a party "lacked an objectively reasonable basis" for removing the case. Martin v.

Franklin Capital Corp., 546 U.S. 132, 141 (2005). A removing party lacks an objectively reasonable basis for removal if it "is contrary to clear case law and a cursory examination of the applicable law would have revealed that the Court does not have jurisdiction." Clutter v. Consol. Coal Co., No. 1:14CV9, 2014 WL 1479199, at *6 (N.D.W. Va. Apr. 15, 2014) (Stamp, J.) (quoting Husk v. E.I. Du Pont de Nemours and Co., 842 F. Supp. 895, 899 (S.D.W. Va. 1994) (internal quotation marks and citations omitted)).

Although removal in this case was inappropriate, Zale's argument in support of removal was not so bereft of logic that an award of costs to Bond is warranted. The Court therefore denies Bond's request for attorneys' fees.

## CONCLUSION

For the reasons discussed, the Court **GRANTS** Bond's motion to remand (Dkt. No. 12), and **REMANDS** the case to the Circuit Court of Harrison County, West Virginia.

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER GRANTING THE PLAINTIFF'S<br>MOTION TO REMAND [DKT. NO. 12] AND REMANDING THE CASE**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and to the Circuit Court of Harrison County, West Virginia.  It further **DIRECTS** the Clerk to enter a separate judgment order, and to remove this case from the Court's active docket.

DATED:   May 17, 2016.

/s/ Irene M. Keeley<br>
IRENE M. KEELEY<br>
UNITED STATES DISTRICT JUDGE